IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CR-73-1D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JAMES DINO WILLS, )<br>)<br>Defendant. ) | **ORDER MODIFYING<br>CONDITIONS OF RELEASE** |

Pursuant to 18 U.S.C. § 3142(c), Defendant was released on pretrial supervision subject to such conditions as set forth in the court's December 4, 2013, order in this case. On February 27, 2014, the Government filed a petition for action, informing the court that Defendant had violated the terms of pretrial release by continuing to engage in home repair work and by failing to notify his probation officer of contact with law enforcement on January 26, 2014, following a domestic dispute with his estranged wife and her boyfriend.

A hearing was held on the Government's petition on March 25, 2014. Defendant having admitted both alleged violations and the parties having agreed to modify the conditions of release as set forth herein, the court hereby orders that the Order Setting Conditions of Release entered by the court on December 4, 2013, be amended to include the following additional conditions:

    1.    That Defendant is placed in the custody of his father, James Henry Wills, who shall reside with Defendant at Defendant's residence; shall supervise Defendant and use every effort to assure Defendant's appearance at all court proceedings; and shall notify the court immediately if Defendant violates any condition of his release or is no longer in his custody.

2. That Defendant shall be subject to home detention. Defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer;

3. That Defendant submit to electronic monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided; and

4. That Defendant pay all or part of the cost of the electronic monitoring program based upon his ability to pay as determined by the pretrial services office or supervising officer.

All other conditions set forth in the court's December 4, 2013, shall remain in full force and effect.

This 25th day of March 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge