PS-8
8/88

# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION

**U.S.A. vs. James Dino Wills**                    **Docket No. 4:13-CR-73-1D**

### Petition for Action on Conditions of Pretrial Release

COMES NOW Dewayne L. Smith, probation officer of the court, presenting an official report upon the conduct of defendant, James Dino Wills, who was placed under pretrial release supervision by the Honorable Kimberly A. Swank, U.S. Magistrate Judge, sitting in the Court at Greenville, NC, on the 4th day of December, 2013, under the following conditions:

- Submit to supervision by and report for supervision to the U.S. Probation Officer, telephone number (252)758-7200, no later than 12/04/2013.
- Continue to seek or actively seek employment other than in the home repair or self employed business.
- Surrender any passport to the United States Probation Office.
- Not obtain a passport or other international travel document.
- Abide by the following restrictions on personal association, place of abode, or travel: Not leave the Eastern District of North Carolina without the PRIOR approval of the Probation Officer.
- Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: any individuals that have made complaints against the defendant or his business or for whom he has made home repairs.
- Refrain from possessing a firearm, destructive device, or other dangerous weapons.
- Refrain from excessive use of alcohol.
- Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- Submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which are required as a condition of release.
- Participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
- Report as soon as possible to the supervising officer any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stops.
- Obtain employment approved by the U.S. Probation Office within 30 days. Probation shall advise the court if the defendant does not obtain employment within the time period.
- Shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with these conditions of release.

On January 29, 2014, a Sealed Petition for Action on Conditions of Pretrial Release was submitted to the court advising that the defendant violated his terms of pretrial release by continuing to engage in home repair work and failing to notify the probation officer of contact with law enforcement. On February 7, 2014, a warrant was issued, and Wills was arrested on February 27, 2014. On March 25, 2014, a bond revocation hearing was held. The defendant admitted both alleged violations, and the court amended Wills' conditions to include the following additional conditions:

- That Defendant is placed in the custody of his father, James Henry Wills, who shall reside with Defendant at Defendant's residence, shall supervise Defendant and use every effort to assure Defendant's appearance at all court proceedings, and shall notify the court immediately if Defendant violates any condition of his release or is no longer in his custody.

- That Defendant shall be subject to home detention. Defendant shall be restricted to his residence at all times except for employment, education, religious activities, medical, substance abuse or mental health treatment, attorney visits, court appearances, court ordered obligations, or other activities approved in advance by the pretrial services office or supervising officer.

- That Defendant submit to electronic monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

- That Defendant pay all or part of the cost of the electronic monitoring program based upon his ability to pay as determined by the pretrial services office or supervising officer.

On May 7, 2014, pursuant to a written Plea Agreement, Wills pled guilty to Structuring Financial Transactions to Evade the Filing of Currency Transaction Reports, in violation of 31 U.S.C. § 5324(a)(3) and 31 U.S.C. § 5324(d)(2). Sentencing is currently set for the April 20, 2015 term of court in Raleigh, North Carolina.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** Despite being instructed by the court and the probation officer that he is prohibited from being self employed and/or operating a home repair business, the defendant continues to engage in this conduct. Investigation reveals that Wills refers potential customers to Ballor Construction. This company is run by Jeffrey Lawrence Ballor, a convicted felon. On January 13, 2015, Special Agent Kimberly Sims with the Internal Revenue Service received a complaint from a homeowner in Wilson, North Carolina, alleging an overcharge for residential repairs performed by James Dino Wills and Jeffrey Ballor. On December 29, 2014, Wills negotiated via telephone the work to be completed, he talked to the homeowner on numerous occasions, and he was at the homeowner's residence on January 6, 2015.

**PRAYING THAT THE COURT WILL ORDER** that a hearing be scheduled to determine whether the defendant's supervision should be revoked.

James Dino Wills
Docket No. 4:13-CR-73-1D
Petition For Action
Page 3

| | |
|---|---|
| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
| /s/Dwayne K. Benfield | /s/Dewayne L. Smith |
| Dwayne K. Benfield | Dewayne L. Smith |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | 201 South Evans Street, Room 214 |
| | Greenville, NC 27858 |
| | Phone: 252-830-2338 |
| | Executed On: February 3, 2015 |

## ORDER OF COURT

Considered and ordered this __4__ day of __February__, 2015, and ordered filed and made a part of the records in the above case.

James C. Dever III
Chief U.S. District Judge